IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09cv23

| | |
|---|---|
| TROY STEVEN WYATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| CITY OF ASHEVILLE, a North | ) |
| Carolina Municipal Corporation; GARY | ) |
| JACKSON, In his official capacity as the | ) |
| City Manager For the City of Asheville; | ) |
| WILLIAM HOGAN, in his official | ) |
| capacity as the Chief of Police for the | ) |
| City of Asheville; CHAD BRIDGES, | ) |
| Individually and in his official capacity | ) |
| as an Asheville Police Officer; | ) |
| RICARDO MARTINEZ, Individually, | ) |
| and in his official capacity as an | ) |
| Asheville Police Officer; JOHN DOE, | ) |
| Individually and in their official capacity | ) |
| as an Asheville Police Officer and/or | ) |
| employee of the City of Asheville, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**THIS MATTER** is before the court on the court's own Motion to Dismiss John Doe Defendant. For cause, it appears that a summons was issued on January 23, 2009, for defendant "John Doe" and that proof of service of such defendant has not been filed. More than 120 days have elapsed since such summons was issued and plaintiff

-1-

has neither requested an extension of time nor made proof of service of such defendant. Rule 4(m), Federal Rules of Civil Procedure, provides as follows:

> **(m) Time Limit for Service.**
> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed.R.Civ.P. 4(m). No exception is made in the rule for service of "John Doe" defendants. "Under Federal Rule of Civil Procedure 4(m), service must be made upon a [John Doe] Defendant within 120 days after the filing of a Complaint." Bartow v. Cambridge Springs SCI, 2007 WL 543060, 6 (W.D.Pa. 2007).[1]

> Rule 4(m) provides that if "service of the summons and complaint is not made upon a defendant within 120 days of the filing of the complaint," the court should dismiss the action as to that defendant. Fed.R.Civ.P. 4(m). Shirback filed his complaint on June 27, 2006; therefore, the time for service upon the John Doe defendants has clearly elapsed and the claims against those defendants are dismissed.

Shirback v. Lantz, 2008 WL 878939, 3 (D.Conn. 2008). Thus, if it is plaintiff's intent to continue to proceed against John Doe, then it is plaintiff's obligation to seek an extension in conformity with Rule 6(b). Counsel for plaintiff shall take one of the

---

[1] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

following actions within 10 days: file a certificate of service; seek an extension of the 120 day deadline by showing excusable neglect; file a Motion to Amend the Complaint to eliminate such defendant; or file a response showing why such defendant should not be dismissed under Rule 4(m).

Finally, with the John Doe defendant subject to dismissal, issues have joined and the parties need to conduct an IAC and file their CIAC. Such should be accomplished within 20 days.

### ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff respond to the court's own Motion to Dismiss John Doe Defendant within 10 days, and the parties conduct an IAC and file their CIAC within 20 days of entry of this Order.

Signed: June 8, 2009

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge